IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| ALL FAITH CONSORTIUM, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT

Plaintiff the United States of America, on behalf of the United States Department of Veterans Affairs ("VA"), by and through its undersigned attorneys, hereby brings this action for recovery of unused federal grant funds, breach of contract, and unjust enrichment. Plaintiff alleges as follows:

1. Plaintiff brings this action to recover the unused portion of two grants totaling $422,425 awarded by VA to Defendant All Faith Consortium, Inc. The grant was provided pursuant to VA's Homeless Providers Grant and Per Diem Program for the purpose of providing transitional housing and related services to homeless veterans. As described more fully below, All Faith Consortium failed to comply with the terms of the grant by terminating its program nearly four years before the end of the required period of operation. All Faith Consortium failed to return grant funds due to VA and failed to comply with real property disposition instructions.

### JURISDICTION

2. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1345 and 28 U.S.C. § 1331.

1

3.      Defendant is amenable to suit in the District of Columbia because it is headquartered in, and does business in, the District of Columbia.

## VENUE

4.      Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      VA is an agency of the United States government which, among other things, is responsible for the administration of certain grant programs intended to benefit the nation's veterans.

6.      Defendant All Faith Consortium is a not-for-profit corporation organized pursuant to the laws of the District of Columbia, whose principal address is 2000 14th Street, N.W., Washington, D.C. 20009.

## STATUTORY AND REGULATORY BACKGROUND

7.      The Homeless Veterans Comprehensive Assistance Act of 2001 ("Act"), Pub. L. No. 107-95, *codified at* 38 U.S.C. §§ 2011-2012, authorizes VA to make grants to not-for-profit and public entities to establish programs to provide outreach, rehabilitative services, vocational counseling and training, and transitional housing assistance to homeless veterans. 38 U.S.C. § 2011(a). The Act authorizes VA to make grants to cover up to 65 percent of the cost of new construction, alteration, or acquisition of facilities for use as service centers and transitional housing to serve homeless veterans. *Id.* § 2011(b), (c). The Act also permits grants for the procurement of vans for use in outreach to and transportation for homeless veterans. *Id.*

8.      The grant program authorized by the Act was implemented by VA's Homeless Providers Grant and Per Diem Program. VA has issued regulations governing the implementation and operation of the Act. *See* 38 C.F.R. Part 61.

9. The Act specifically authorizes VA to recover "the total of all unused grant amounts made under this section" if a grant recipient "does not establish a program in accordance with this section or ceases to furnish services under such a program for which the grant was made."  38 U.S.C. § 2011(h).

10. VA issued regulations implementing this recovery provision.  38 C.F.R. § 61.67. The regulations provide that VA may recover "all of the grant amounts provided for the project if, after 3 years after the date of an award of a capital grant, the grant recipient has withdrawn from the VA Homeless Providers Grant and Per Diem Program (Program), does not establish the project for which the grant was made, or has established the project for which the grant was made but has not passed final inspection."  *Id.* § 61.67(a).

11. VA's regulations also permit partial recovery of grants:  "If a capital grant recipient is not subject to recovery under paragraph (a) of this section, VA will seek recovery of the grant amount on a prorated basis where the grant recipient ceases to provide services for which the grant was made or withdraws from the Program prior to the expiration of the applicable period of operation, which period shall begin on the date shown on the activation document produced by the VA National GPD Program."  38 C.F.R. § 61.67(b).  "The amount to be recaptured equals the total amount of the grant, multiplied by the fraction resulting from using the number of years the recipient was not operational as the numerator, and using the number of years of operation required under [a designated] chart as the denominator."  *Id.*  The required period of operations varies from 7 to 20 years, depending on the amount of the grant.  *Id.*  A grant totaling $250,000 - $500,000 is required to operate for 8 years.  *Id.*

12. VA regulations further provide that, in addition to being subject to recovery under paragraphs (a) and (b) of 38 C.F.R. § 61.67, capital grantees are subject to real property

disposition instructions, as required by 38 C.F.R. § 49.32, when the grantee no longer is providing services through a grant awarded under 38 C.F.R. Part 61.  38 C.F.R. § 61.67(c).

13. These recovery provisions apply to vans, except that the period of time for recovery will be 7 years.  38 C.F.R. § 61.67(f).  The disposition provisions of 38 C.F.R. § 49.32 also apply to vans.  *Id.*  Grantees are required to notify the VA National Grant and Per Diem Program Office for disposition of any van funded 38 C.F.R. Part 61.  *Id.*

14. Pursuant to VA regulations, real property acquired or improved with federal funds shall be held in trust by the recipient as trustee for the beneficiaries of the project or program under which the property was acquired or improved.  38 C.F.R. § 49.37.

15. Title to real property shall vest in the recipient subject to the condition that the recipient shall use the real property for the authorized purpose of the project as long as it is needed and shall not encumber the property without approval of the awarding agency.  38 C.F.R. § 49.32(a).

16. When the real property is no longer needed for the purpose of the project, the recipient shall request disposition instructions from the awarding agency.  38 C.F.R. § 49.32(c).  The federal awarding agency shall observe one or more of the following disposition instructions:

> (1) The recipient may be permitted to retain title without further obligation to the federal Government after it compensates the federal Government for that percentage of the current fair market value of the property attributable to the federal participation in the project.
>
> (2) The recipient may be directed to sell the property under guidelines provided by the federal awarding agency and pay the federal Government for that percentage of the current fair market value of the property attributable to the federal participation in the

project (after deducting actual and reasonable selling and fix-up expenses, if any, from the sales proceeds). When the recipient is authorized or required to sell the property, proper sales procedures shall be established that provide for competition to the extent practicable and result in the highest possible return.

(3) The recipient may be directed to transfer title to the property to the federal Government or to an eligible third party provided that, in such cases, the recipient shall be entitled to compensation for its attributable percentage of the current fair market value of the property.

*Id.*

17. Disposition of a van is governed by a similar provision that covers equipment. 38 C.F.R. § 49.34. For equipment with a current per unit fair market value of $5,000 or more, the recipient may retain the equipment for other uses provided that compensation is made to the original federal awarding agency or its successor. *Id.* § 49.34(g). The amount of compensation shall be computed by applying the percentage of federal participation in the cost of the original project or program to the current fair market value of the equipment. *Id.*

## FACTUAL BACKGROUND

18. On May 5, 2005, All Faith Consortium, Inc. submitted an application (No. 05-8-DC) to VA requesting $400,000 from VA for the acquisition and renovation of a building at 3068 30th Street S.E., Washington, D.C., to create transitional housing that would provide 43 beds for homeless veterans. The grant application represented that "43 homeless veterans at any one time, and 86 homeless veterans each year, will receive Transitional Housing with Wrap-Around Supportive Services through the AFC Transitional Housing Program."

19. All Faith Consortium was selected for funding in September 2005, and VA and All Faith Consortium executed a standard Memorandum of Agreement dated September 4, 2005 ("Building Agreement").

20. The Building Agreement provides, *inter alia,* that the grant recipient "will comply strictly with the assurances contained in the application it has submitted." The Building Agreement also provides that VA "may pursue remedies described in 38 CFR Part 61 and any other appropriate legal remedy where the grant recipient fails to comply with the terms and conditions of this grant agreement."

21. On October 27, 2005, All Faith Consortium requested a site change to 4232 and 4236 6th Street, S.E., Washington, D.C., and requested to increase the number of beds to 56. VA approved the site change and bed increase on November 16, 2005.

22. On April 3, 2007, All Faith Consortium requested another site change to 400 50th Street S.E., Washington, D.C., and requested to move the entire $400,000 to the activity of acquisition. VA approved the site change and funding mix on April 17, 2007.

23. VA transmitted a payment of $400,000 to All Faith Consortium on May 10, 2007.

24. On April 8, 2008, All Faith Consortium submitted an application (No. 08-790-DC) to VA requesting $22,425 for the acquisition of a van to provide transportation and outreach to homeless veterans in the previously-funded transitional housing project (05-8-DC).

25. VA selected All Faith Consortium for funding in September 2008, and VA and All Faith Consortium executed a Memorandum of Agreement dated September 16, 2008 ("Van Agreement"). Similar to the Building Agreement, the Van Agreement provides that the grant recipient "will comply strictly with the assurances it has contained in the application it has submitted," and that VA "may pursue remedies described in 38 CFR Part 61 and any other

appropriate legal remedy where the grant recipient fails to comply with the terms and conditions of this grant agreement."

26. VA transmitted a payment of $22,425 to All Faith Consortium on December 23, 2009.

27. All Faith Consortium operated a program between January 30, 2009 and February 28, 2013.

28. On January 28, 2013, All Faith Consortium sent a letter to VA formally terminating its program, effective immediately.

29. On February 4, 2013, VA sent by certified mail to All Faith Consortium an acknowledgement of withdrawal from the program, effective February 28, 2013, along with a pre-determination of funds due to VA and real property disposition instructions. VA gave All Faith Consortium a deadline of March 15, 2013 to respond. VA explained that it was entitled to recapture $207, 976.21, calculated as follows:

| Recovery Provisions of 38 CFR 61.67 (b) | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Project Number | Grant Award Amount | Required Years of Operation | Required Days of Operation | Per Diem Start or Purchase Date | Withdrawal/ Termination Date | Days Operational | Days to be Recovered | Rate per day | Amount to be Recaptured |
| 05-8-DC | $400,000.00 | 8 | 2920 | 1/30/2009 | 2/28/2013 | 1490.00 | 1430.00 | $136.99 | $195,890.41 |
| 08-790-DC | $22,425.00 | 7 | 2555 | 12/8/2009 | 2/28/2013 | 1178.00 | 1377.00 | $8.78 | $12,085.80 |

30. In its February 4, 2013 letter, VA further explained that the agency was entitled to 47% of the fair market value of the real property and 65% of the fair market value of the van based on the percentage of federal funds contributed. VA requested that All Faith Consortium submit to VA three names of independent property appraisers in the Washington, D.C. area and then arrange for the selected appraiser to provide VA a certified property appraisal for the current fair market value of the real property. VA also requested an independent, third-party appraisal of the current fair market value of the van.

7

31. All Faith Consortium did not respond to these requests.

32. All Faith Consortium has not returned to the United States any of the monies owed.

## CLAIMS FOR RELIEF

### COUNT I - RECOVERY OF UNUSED GRANT FUNDS

33. Plaintiff hereby incorporates by reference each and every allegation set forth in the foregoing paragraphs.

34. The Homeless Veterans Comprehensive Assistance Act permits the United States to recover "all unused grant amounts" if a grant recipient "ceases to furnish services . . . under a program for which the grant was made." 38 U.S.C. § 2011(h)(1).

35. VA issued a grant to All Faith Consortium to operate a program which was required to operate for at least eight years. 38 C.F.R. § 61.67(b).

36. By terminating the program and discontinuing the provision of services to homeless veterans nearly four years before its applicable period of operations had expired, All Faith Consortium breached the terms of its grant agreement with VA and "ceased to furnish services under . . . a program for which the grant was made." 38 U.S.C. § 2011(h)(1).

### COUNT II – BREACH OF CONTRACT

37. Plaintiff hereby incorporates by reference each and every allegation set forth in the foregoing paragraphs.

38. The Building Agreement, as subsequently modified by VA and All Faith Consortium, and the Van Agreement, constituted legally binding contracts between All Faith Consortium and the United States (as represented by VA).

39. All Faith Consortium's termination of the program nearly four years before the expiration of the applicable period of operation constitutes a breach of the Agreements.

40. The United States has suffered damages as a result of the breach.

41. All Faith Consortium is liable to the United States for restitution of unused grant funds.

## COUNT III – UNJUST ENRICHMENT

42. Plaintiff hereby incorporates by reference each and every allegation set forth in the foregoing paragraphs.

43. The United States has conferred a benefit upon All Faith Consortium, to wit, the payment of $422,425 in grant funds.

44. All Faith Consortium was and is aware of the benefit conferred.

45. All Faith Consortium accepted and retained the funds.

46. Under the circumstances, it would be inequitable for All Faith Consortium to retain the unreturned grant funds.

## PRAYER FOR RELIEF

WHEREFORE, the United States asks this Court to enter judgment in favor of the United States:

a. asserting jurisdiction over this action;

b. ordering All Faith Consortium to refund to the United States $207,976.21, plus pre-judgment and post-judgment interest;

c. ordering All Faith Consortium to compensate the United States for 47% of the current fair market value of the real property and 65% of the current fair market value of the van; and

9

      d.      granting such other and further relief as the Court may deem just and proper.

Dated: September 16, 2014             Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RONALD C. MACHEN, JR.
United States Attorney

ARTHUR R. GOLDBERG
Assistant Branch Director


  /s/ Lesley Farby
LESLEY FARBY (DC Bar #495625)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 7220
Washington, DC 20001
(202) 514-3481
Lesley.Farby@usdoj.gov

*Attorneys for the Plaintiff*